UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 22-56501-pmb |
| | ) | |
| CUREPOINT, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DAVID A. WENDER, in his capacity as CHAPTER 11 TRUSTEE, | ) ) ) | |
| | ) | Adv. Proc. No. 22-05171-pmb |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLG SERVICING LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT OF RULE 26(f) CONFERENCE**

The conference held pursuant to Fed. Civ. P. 26(f) and BLR 7016-1 on March 21, 2023, was attended by:

**For Plaintiff: Valerie Sanders; Nathaniel DeLoatch**

**For Defendant: Justin Gillman**

1

1. **Initial Disclosures**: The parties have agreed not to make initial disclosures and to waive the requirements of Fed. R. Civ. P. 26(a)(1) with regard to same.

2. **Discovery Plan**: The parties jointly propose to the Court that discovery shall be completed by **June 15, 2023**.

3. **Other Items**:

    a. The parties shall submit a consolidated pretrial order no later than **July 14, 2023**.

    b. Unless further ordered by the Court, Plaintiff will be allowed until **April 14, 2023** to file motions to join additional parties and until **April 14, 2023** to file motions to amend the pleadings.

    c. Unless further ordered by the Court, Defendant will be allowed until **April 14, 2023** to file motions to join additional parties and until **April 14, 2023** to file motions to amend the pleadings.

    d. All dispositive motions, including Motions for Summary Judgment, will be filed by **July 14, 2023**.

4. **Settlement Potential**:

    a. The parties **have discussed** settlement.

    b. The parties **do intend** to hold additional settlement conferences among themselves prior to the close of discovery.

    c. The parties **have not** considered alternative dispute resolution.

    d. Settlement prospects may be enhanced by one of the following alternative dispute resolution procedures: **N/A**.

5. Identify any other matters regarding this Court's authority or jurisdiction, discovery or case management that may require the Court's attention (*e.g.*, concerns about confidentiality; the need for protective orders; unmovable scheduling conflicts): **None currently.**

6. Do the parties consent to this Court entering final orders and judgment in this proceeding? **Yes.**

7. Any other matters not covered above: **N/A**.

8. The parties **do not** request a conference with the Court prior to entry of the scheduling order.


| | |
|---|---|
| */s/ David A. Wender* | */s/ Justin M. Gillman*  (w/exp. permission) |
| David A. Wender  (748117) | Justin M. Gillman |
| Valerie S. Sanders (625819) | |
| | |
| EVERSHEDS SUTHERLAND (US) LLP | GILLMAN, BRUTON & CAPONE, LLC |
| 999 Peachtree Street, NE, Suite 2300 | 770 Amboy Avenue |
| Atlanta, Georgia 30309-3996 | Edison, New Jersey 08837 |
| 404.853.8000 (t) | 732.661.1664 (t) |
| 404.853.8806 (f) | 732.661.1707 (f) |
| davidwender@eversheds-sutherland.com | jgillman@gbclawgroup.com |
| valeriesanders@eversheds-sutherland.com | ecf@gbclawgroup.com |
| | *Counsel for Defendant CLG Servicing LLC* |
| *Counsel for Plaintiff David A. Wender, in his capacity as Chapter 11 Trustee* | |